Ok Reheakikg.
TaTjIAEEbro, J.
Upon a further consideration of the question of prescription raised in this case, we are not inclined to think, :.s fully applicable to it, the ruling in the cases of Lanusse v. Minturn, 11 L. 256, and Adele v. Prudhomme, 16 A. 313, upon which we predicated our first opinion. They sanciion the doctrine, that the hypothecary action is prescribed by the lapse of time which bars the petitory action. We are not sati lied that this view can be. reconciled with those provisions of the Code which treat of judicial mortgages, and with the statute of 1853, authorizing the revival of judgments and the continuing them in force indefinitely.
The prescription acquirendi causa, as laid down in Lanusse v. Minturn, avails a possessor as owner under a title translative of property, and whose possession for ten years has been public and uninterrupted, to prescribe against adverse titles and claims involving the question of own’ *405 ership. But how does he escape the effect oí mortgages against the property which have been revived and continued in force by reinscription? Take the case of a recorded judgment bearing by a law a judicial mortgage.
If the judgment is revived, according to the act of 1853, and rein-scribed, the judgment, with the judicial mortgage it bears, exists for another period of ten years, and may be so continued. The action to enforce the mortgage must continue pari, passn, with the mortgage itself. For, to what purpose to the creditor would the judicial mortgage be on property in the hands of third persons, if his hypothecary action had ceased at the end of ten years.
Neither Art. 3508 of the Civil Code nor Art. 3195, is in the way of the co-existence of the judicial mortgage and the hypothecary action to enforce it.
Art. 3508 is restricted to personal actions. The term “ real rights,” used in Art. 3495, cannot properly be construed to embrace the mortgage right. Such a construction would bring it in conflict with the Art. 3413 of the Code, which attaches the judicial mortgage to recorded judgments, and with the act of 1853, which allows judgments to be revived and continued in force for an indefinite period of time.
In the case we are referred to by the defendant’s counsel, Kemp v. the Heirs of Cornelius, 14 A. p. 301, the Court expressly say it was a personal action.
It was where a party, having a judgment against an estate, sued the heirs making a partition, praying that a sufficient amount of property be set aside to pay his debt. It was not an action to enforce a mortgage.
We consider the hypothecary action as accorded and defined by Arts. 61, 62 and 63 of the Code of Practice to be an original action. It is declared to be a real action, and that it follows the property in whatever hand it may be found. What is said in Kemp v. the Heirs of Cornelius, 14 A. 301, in regard to the ten year prescription being applicable, whenever it becomes necessary to institute a separate and distinct action from the one in which the judgment was rendered, seems not to apply to the hypothecary action. In that ease, we have already seen the action was personal. We do not find in our Code any period expressly fixed for the prescription of the hypothecary action. And the reason seems to be that its duration is contingent upon the existence of the right from which it springs.
The judicial mortgage may, by pursuing the provisions of law, be protracted beyond the period of ten or of twenty years, and so long as a judgment revived successively within the stated period of ten years under the act of 1853, and continuously recorded within each succeeding period of ten years, so long must continue the hypothecary action to enforce it.
The principles announced in the cases of Terrio v. Guidry, 5 A. 590, and Bibb v. The Union Bank, 3 A. 334, favor the views here expressed.
In the case now under consideration, it is not alleged in the defence that the judgment, in virtue of which the plaintiff claims the judicial mortgage, is prescribed, and we are left to assume that it is not. The plaintiff shows successive reinscriptions of the judgment to preserve the judi *406 cial mortgage growing out of it. We do not think the prescription of ten years can avail the defendant to defeat the hypothecary action of the plaintiff.
The case of Van Wickle v. Garnett and Husband, 14 A. 106, is closely in point to the one before us. It is there laid down that the prescription of ten years plead in bar of the hypothecary action was interrupted by' the reinscription of the judgments.
The plaintiff claims that his judicial mortgage bears upon one-fifth of the property described, and prays to enforce it against one-fifth. He alleges that Manuel Prados, Sr., left five heirs, of whom Manuel Prados, Jr., was one, and against whom the judgment he proceeds on was rendered. , It is taken down as an admission, that the property in question was sold by the five heirs, but this can hardly amount to an admission that they were the sole owners.
The defendant denies every allegation of the petition, except what he specially admits.
Manuel Prados, Sr., left a widow, and she joined in the notarial act of sale with the heirs, “ by reason of her rights in the community, which existed between her and her said husband, and as the attorney in fact of Rosalia, one of the heirs.”
These facts satisfy us, that one-half of the property belonged to the widow, and that the interest or share of Manuel Prados, Jr., was one-fifth of one-half instead of one-fifth of the whole.
. It is therefore ordered, adjudged and decreed that the former judgment rendered in this case be annulled, avoided and reversed. It is further ordered that the property subject to the plaintiff’s judicial mortgage be seized and, after the legal advertisements shall have been made, sold according to law; that is to say, the undivided one-tenth part, share and interest in the house and lot on Coridé street, No. (56) in the islet bounded by Condé, Dumane, Old Levee and St. Philip streets, which lot has a front of sixty feet on Condé street, bounded by property once owned by Simon Cancella, and on the other side by property owned by LeRoy. And it is further ordered, that the proceeds of said one-tenth interest, representing the share and interest in said property originally owned by Manuel Prados, Jr., against whom the judgment of the plaintiff was. obtained, there be payed to the plaintiff the amount of said judgment as follows: The sum of three hundred and seventy-five dollars, with interest, at the rate of five per cent, per annum, from the 3d of August, 1839, until paid; and also, the further sum of three hundred and seventy- five dollars, with like rate of interest from the 4th of November, 1839, until paid; and the costs (hat accrued on that judgment, to-wit: fifty dollars clerk’s costs, seventy-five dollars sheriff’s costs; other costs amounting to twenty-five, dollars. It is likewise ordered, that any residue there may be of the proceeds of said property, after paying the amount of said judgment, interest and costs as herein set forth, shall be paid over to Carmena de Blasco, one of the defendants and curatrix of her husband, Manuel Blasco, an interdict. It is lastly ordered that said defendant, curatrix, pay the costs of this suit in both courts.
Mr, Justice InsnEir, adhering to the first opinion rendered, düsenfs.